## M. Abramson v. The State.

### No. 14958. Delivered March 2, 1932.

The opinion states the case.

*Upton & Upton, O'Neal Dendy,* and *Robert Hughes,* all of San Angelo, for appellant.

*O. C. Fisher,* County Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $250.

Appellant was convicted as an adult male, who had made an assault upon a female.

Glickman, accompanied by appellant, went to the store of Martin for the purpose of beating him up. Martin was away, but as soon as he returned Glickman attacked him. Mrs. Martin attempted to aid her husband. The state's claim rests upon the proposition that appellant unlawfully caught hold of, and assaulted Mrs. Martin. The defensive testimony consisted almost entirely of that of appellant and Glickman, who had pleaded guilty and paid a fine for aggravated assault. Glickman swore that appellant did nothing to Mrs. Martin. Appellant testified to the same facts. Several witnesses for the state testified that appellant grabbed Mrs. Martin and struck her.

We would not reverse this case on the proposition that the proof does

not show that appellant was an adult male, though upon another trial, if had, this point should be more clearly established.

Appellant supported his motion for new trial by the affidavits of two witnesses, seemingly disinterested,—both of whom said they saw the difficulty, and swore to facts which, if believed by the jury, might change the result of the trial, and each of whom further swears that he did not disclose his knowledge of the difficulty, or the facts to which he would testify, to either appellant or his attorney until after this conviction. Glickman being appellant's only witness beside himself, and it appearing that he was an employee of appellant, and that he had been himself prosecuted and convicted for participation in the same difficulty, and had paid a fine therefor,—he could hardly be deemed an unprejudiced or disinterested witness. The newly discovered evidence was from parties disinterested and not related to or connected in any way with appellant. We, therefore, are unable to conclude that their testimony would be but cumulative; nor can we feel that it might not bring about a different result. We might set out their testimony, but see no particular good to come from such course. Both Glickman and appellant testified that the latter did not strike or take hold of Mrs. Martin. Both newly discovered witnesses affirmed their ability to see and the fact that they did see said difficulty, and that appellant did not strike or take hold of Mrs. Martin within their knowledge. Believing the newly discovered evidence to be material, and from credible sources, and not merely cumulative, it becomes our duty to reverse this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Morrow, P. J., absent.